WESTERN CLAY DRAINAGE DISTRICT *v.* SPRAGUE.

4-5318                                    123 S. W. 2d 518

Opinion delivered January 9, 1939.

F. G. Taylor, J. L. Taylor and W. A. Jackson, for appellant.

C. T. Bloodworth and Kirsch & Cathey, for appellee.

McHANEY, J. At the time of his death F. B. Sprague was the owner of 23 bonds, of the face value of $500 each, of Sub-District No. 3 of the Western Clay Drainage District. Prior to his death he brought this action against said district, its Board of Commissioners, the County Judge of Clay county, and certain taxpayers of the district to recover judgment on said bonds, all being in default, and to compel the levy of further assessments and the sale of delinquent property for the purpose of paying said indebtedness. Some of the landowners in the district intervened in said action which on his death was revived in the name of appellee. The district and its directors, as also the interveners, defended on the ground that the Board was without power under the act of its creation to levy further assessments. The trial court found against appellants, entered judgment for appellee for $11,448 with interest from the date of the decree at 6 per cent. per annum, and for costs, and also ordered and directed the Board of Directors of the district, and their successors in office, forthwith to make a levy of 8 per cent. on the assessed benefits against the lands of the district, same to be certified to the County Judge of Clay county, or his successor in office, and by him entered as an order of the county court, and that said levy be collected, annually beginning with the next collection period, until such judgment should be paid, or until the further order of court. It was further ordered that as to all lands annually returned delinquent, the directors cause suit to be instituted to enforce collection. This appeal followed.

Western Clay Drainage District, Sub-District No. 3, was created by authority of act 368 of 1907, and act 278 of 1909, amending same. Benefits were assessed against the lands in the district in the sum of $53,017.50. Bonds were issued in the total sum of $50,000. For the purpose of paying said bonds as they matured, the Commissioners levied an annual tax on the betterments for twenty-five years. These annual levies and collections failed to be sufficient to pay the bonds owned by appellee's decedent. The trial court found that there were still unexhausted assessed benefits amounting to 24½ per cent. of the original amount, and this finding was based on evidence not abstracted by appellants, so we must presume that the evidence supports the finding.

The sole contention of appellants is that, since there have been twenty-five annual levies, the board has exhausted its power in the premises, and that the court is without power or authority, under the acts above mentioned, to direct it to make additional levies, and this too in the face of the fact that all the assessed benefits have not been exhausted. Said act of 1907, sub-section (o) of § 8 provides: "Said special assessments may by said corporation be made payable in successive annual installments, for a period not to exceed twenty-five years, and they shall be of sufficient amount in the aggregate to pay the whole cost of the improvement for the making of which that sub-district was formed and for maintaining the same, and may be levied annually until all of the expense incurred in making of said improvement shall have been paid." The same language is carried in the amendatory act of 1909, except the words "with interest" are added after the word "improvement." We think this language, standing alone, imparts the intention of the Legislature that the indebtedness of the district shall be paid, even though more than twenty-five levies are required. But such intention is further emphasized and made certain, if there be any doubt, by other provisions of said acts. For instance, in § 12 of said act 368, the district is given power to issue bonds, and in paragraph 3 of said section it is provided that: "Such bonds shall be issued in separate and distinct series for each sub-

district. The said property in each sub-district formed under the provisions of this act shall be liable for the payment of assessments sufficient to pay the bonds issued for the construction of the improvement in that sub-district, but not for issues of bonds made for the construction of improvements in any other sub-district.'' And again in the next paragraph of the same section it is said: ''When any sub-district is formed . . . all of the unpaid installments thereof are hereby pledged to the payment of any bonds, issued for that sub-district as herein provided.''

These excerpts from the act demonstrate the incorrectness of appellants' contention. They show conclusively that it was the intention of the lawmakers that all bonds should be paid, regardless of the twenty-five year limitation mentioned, so long as there remained unexhausted assessed benefits against the lands. Of course the assessed benefits could not be exceeded, but it is conceded that this has not been done.

The decree is correct, and is affirmed.